No.——

First Circuit

PERKINS v. SLIMAN

(Jan. 7, 1927.   Opinion and Decree.)

(*Syllabus by the Editor*)

1.  Louisiana   Digest—Pleading—Par.   62,
    71; Appeal—Par. 749.

An exception no cause of action filed against a petition which alleges that plaintiff's and defendant's title was derived from the same source and that plaintiff's title antedates that of defendant states a cause of action, the exception will be dismissed, and the case remanded for trial.

Appeal from Allen Parish, District Court. Hon. Thos. F. Porter, Jr., Judge.

Action by Floyd Perkins, et als., against Mrs. Marie Sliman.

There was judgment maintaining an exception no cause of action filed by defendant and plaintiff appealed.

Judgment reversed and case remanded for trial.

Jno. B. Kent, of Oakdale, attorney for plaintiffs, appellants.

Williams & Reed, of Oakdale, attorneys for defendant, appellee.

MOUTON, J.    Plaintiffs allege that they are the issue of the marriage of John S. Perkins and Nettie Perkins, born, Garhington, both deceased, and their sole heirs.  They allege that their father, John S. Perkins, survived their mother, and that after her death he married Mrs. Sarah F. Henington, a widow; that doing his marriage with Sarah Henington, they purchased from N. S. Ashy, a certain property situated in Oakdale, and which is fully described in their petition; that they paid for the property, took possession and made it their home.

They further allege that their father died in 1921, and that after his death, in January, 1922, his widow, and their stepmother, sold the property to Mrs. Marie Sliman, defendant.  They aver that said property belonged to the community which existed between their deceased father and his surviving wife, Mrs. Sarah Perkins, and that at his death one undivided half thereof fell to them by inheritance from their father.  They aver that the succession of their father was never opened, and that his widow took possession, and sold the property without authority of law.

Plaintiffs are asking for the ownership of an undivided half of the property as the sole heirs of their father.

The district judge maintained an exception of no cause of action filed by defendant and dismissed the suit.  Plaintiffs appeal.

In the cases upon which the district judge grounded his opinion, the successful claimant was accorded the property because of his priority of title in point of time or that it was derived from the true owner as appeared in the trial of those cases.  In this case, it appears from plaintiffs' allegations that their title antedates that of defendant.  Plaintiffs allege that their father and surviving widow bought from N. S. Ashy, and that his widow sold the same property to defendant without opening the succession of their father and without authority.  Guided, as we must be, by the allegations of their petition, the *defendant holds the property by virtue of a title derived from the same author.  No*

conflict can arise between plaintiffs and defendant as to the source, origin or derivation of the title. The complaint by the plaintiffs involve no such issue and as a matter of fact, is founded on the complaint that the widow of their father has undertaken to sell to defendant, without their consent of legal authority, an undivided half of the property which belonged to them and not to her.

The property is legally described in their petition which shows the object of their demand and sets out the nature of their title with sufficient certainty to put defendant on her just defense. These substantial and sacramental requirements are clearly embodied in plaintiffs' petition which shows a right and cause of action entitling them to a reversal of the judgment.

It is therefore ordered and decreed that the judgment appealed from be avoided and reversed; and it is further ordered that the exception of no cause of action be and is hereby overruled; that the case be remanded to be tried according to law, the cost of appeal to be paid by appellee, those of the lower court to await the decision of the case.